IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| KENNETH RAY UNDERWOOD,<br><br>       Petitioner,<br><br>  v.<br><br>THOMAS PATTERSON,<br><br>       Respondent. | **THIRD ORDER TO AMEND DEFICIENT PETITION & MEMORANDUM DECISION**<br><br>Case No. 1:11-CV-136 DN<br><br>District Judge David Nuffer |

    Petitioner, Kenneth Ray Underwood, an inmate at Cache County Jail, filed a *pro se* habeas corpus petition.[1] Reviewing the Petition, the Court concluded that the Petition was deficient as described below.[2] On December 13, 2011, the Court ordered Petitioner to cure the below deficiencies if he wished to pursue his claims.

    In response, Petitioner challenged the Court's mandate that Petitioner seek the constitutionally required help of the prison's contract attorneys. Petitioner stated that contract attorneys have no duty to help him with his initial habeas pleading. This is false.[3] Further, Petitioner tried to again

---

[1] *See* 28 U.S.C.S. § 2254 (2012).

[2] *See id.*

[3] *See Lewis v. Casey*, 518 U.S. 343, 356 (1996) (requiring prisoners be given "'*adequate* law libraries or *adequate* assistance from persons trained in the law' . . . to ensure that inmates . . . have a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or

name Thomas Patterson as his custodian, when his custodian is the warden of the facility in which he is imprisoned.

The Court repeats the prior information which remains applicable to the petition's deficiencies.

### Deficiencies in Petition:

Petition:

(a)    has claims appearing to be based on conditions of current confinement; however, the complaint was apparently not submitted using the legal help Plaintiff is entitled to by his institution under the Constitution.  *See Lewis v. Casey*, 518 U.S. 343, 356 (1996) (requiring prisoners be given "'*adequate* law libraries or *adequate* assistance from persons trained in the law' . . . to ensure that inmates . . . have a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement") (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977) (emphasis added)).

(b)    lists a respondent other than his custodian.

### Repeated Instructions to Petitioner

Under Rule 8 of the Federal Rules of Civil Procedure an initial pleading is required to contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand

---

conditions of confinement") (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977) (emphasis added)).

for judgment for the relief the pleader seeks."[4]  The requirements of Rule 8(a) are intended to guarantee "that [respondents] enjoy fair notice of what the claims against them are and the grounds upon which they rest."[5]

Pro se litigants are not excused from compliance with the minimal pleading requirements of Rule 8.  "This is so because a pro se [litigant] requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted."[6]  Moreover, "it is not the proper function of the Court to assume the role of advocate for a pro se litigant."[7]  Thus, the Court cannot "supply additional facts, [or] construct a legal theory for [petitioner] that assumes facts that have not been pleaded."[8]

Petitioner should consider the following points before refiling his petition.  First, the revised petition must stand entirely on its own and shall not refer to, or incorporate by

---

[4] Fed. R. Civ. P. 8(a).

[5] *TV Commc'ns Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

[6] *Hall v. Bellmon*, 935 F.2d 1106, 1009 (10th Cir. 1991).

[7] *Id.* at 1110.

[8] *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

reference, any portion of the original petition or any other documents previously filed by Petitioner.[9]  Second, the petitioner must clearly state whom his custodian is and name that person as the respondent.[10]  Third, Petitioner may generally not bring civil rights claims as to the conditions of his confinement in a habeas corpus petition.  Fourth, any claims about Petitioner's underlying conviction and/or sentencing should be brought under 28 U.S.C.S. § 2254; any claims about the execution of Petitioner's sentence should be brought under 28 U.S.C.S. § 2241.  Finally, Petitioner should seek help from the jail for legal help in preparing initial pleadings.

## ORDER

Based on the foregoing, **IT IS HEREBY ORDERED** that:

(1) Petitioner shall have **THIRTY DAYS** from the date of this order to cure the deficiencies noted above.

(2) The Clerk's Office shall mail Petitioner a copy of the Pro Se Litigant Guide with a proper form petition and civil rights complaint, for him to complete, according to the directions.

---

[9] *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (amendment supercedes original).

[10] *See* R. 2, Rs. Governing § 2254 Cases in the U.S. Dist. Courts.

(3) If Petitioner fails to timely cure the above noted deficiencies in accord with the instructions herein this action will be dismissed without further notice.

DATED this 7th day of June, 2012.

BY THE COURT:

_____
DISTRICT JUDGE DAVID NUFFER
United States District Court